The common-law principle relative to the abatement of suits by the death of the parties has undergone such a variety of legislative alterations that some attention is necessary to mark with precision what actions will now survive against personal representatives.
It was once doubtful whether, from the general terms in which the maxim is expressed, the action of assumpsit did not come within its operation, because its form was trespass on the case, which imputed a wrong, and its substance was to recover damages in satisfaction of the wrong. But when, after much discussion, this doubt was removed, on the principle that the testator's property had received a wrong, and that he consequently gained an interest, we are furnished with the plain and intelligible restriction of the rule to all cases where the declaration imputes a hurt done to the person or property of another, and the plea is not guilty; thus including every case where the cause of action arose ex delicto. But all actions survived that were founded on any (224) contract or duty to be performed, excepting the action of account and the action of debt on simple contract, to which the law wager was attached. The first, because the account rested in the privity of the testator; the other, because the executor would lose the benefit of the law wager.
The first relaxation of the rule, now necessary to be noticed, was made by the Statute 4 Ed. III, ch. 7, which gave to executors an action of trespass for taking away goods in the lifetime of the testator; and this remedy was extended to executors of executors by Statute of 25 Ed. III., ch. 5, and to administrators by 34 Ed. III., ch. 11. Although the first statute makes use of the word trespasses only, yet a series of adjudications *Page 173 
under it, made in a spirit of liberal interpretation, have produced the rule that an executor or administrator may prosecute the same actions for an injury done to the personal estate of the testator or intestate, in his lifetime, whereby it is become less valuable, that the testator or intestate himself might have done. Notwithstanding these statutes, the common-law maxim operates with full force in England with respect to the person by whom the injury is committed; for, if he dies, no action arisingex delicto, where the plea is not guilty, can be brought against his executor or administrator, though for taking away goods a remedy may be had against them in another form.
The act of 1799 enumerates the actions of trover, detinue, and trespass, where property, either real or personal, is in contest, and the action is not merely vindictive, and provides that they shall not be abated by the death of either party. With respect to the action of detinue, the act was unnecessary, because that action might have been brought before, either by or against an executor, to recover goods in the hands of the wrong-doer or his executor. Sir William Jones, 173. The actions of trover and trespass might both have been brought by an executor, under the construction of 4 Ed. III. So that all the operation of this act is to enable them to survive against executors, and to prevent the action of trespass from abating by the death of either party, where real property is in contest.
The act of 1805 extends a similar provision to the actions oftrespass vi et armis and trespass on the case, brought to recover (225) damages done to property, either real or personal.
The same equitable construction given to these acts of Assembly which has heretofore been put upon the ancient statutes will permit not only all actions to be brought by or revived against executors or administrators which might formerly have been brought by them, but likewise other actions which are embraced by the more comprehensive words of the acts. The common-law maxim still applies to injuries done to the person, and to all others which are in the nature of crimes, and consequently to all actions upon penal statutes relative to acts arising ex maleficio and where no right or duty is vested in the plaintiff. Wherever a duty is so vested in the plaintiff, it is probable that the true construction of our acts of Assembly would sustain even a penal action against executors, as it has been held in England, under the Statute of Ed. III., that an action of debt will lie by executors for not setting out tithes. The statute, however, which authorizes such action gives the penalty to the party grieved, and the tithes which ought to have been set out were a vested right in the testator. *Page 174 
The present suit is brought for an offense, and the penalty is given in part to any one who will sue for it. We are, therefore, of opinion that it is not one of those cases which the acts of Assembly meant to provide for, and that the crime is buried with the defendant's testator.
Judgment for defendants.
NOTE. — See Blount v. Fish, 2 N.C. 502; also Blount v. Fish,7 N.C. 511.
(226)